I'm sorry about that. I paused because it didn't make sense, but I just was misreading. I'm sorry about that. I was a little surprised there. Buenos dias, good morning. May it please the Court, Mario Acosta, Jr., on behalf of the petitioner, Mr. Torres Diaz. With the Court's permission, I'd like to reserve two minutes for rebuttal. The elephant in the room is that a brief was not filed in this case, despite the fact that the notice of appeal said that a brief would be filed. The question becomes, did the Board abuse its discretion when it did not consider the arguments that were presented in the notice of appeal? Our position would be that they did abuse their discretion because the Ninth Circuit has already carved out several cases that discuss when arguments in a notice of appeal are sufficient to put the Board on notice of what the arguments that are being presented, rather than it being just a general statement. So rather than it being a general statement, we would argue that here the arguments were specific because of the relief that was being challenged. So Mr. Torres Diaz filed an I-589 application. Unfortunately, due to several reasons that are already outlined in the brief and in the record, he was found not eligible for withholding a removal and convention against torture. However, there was one form of relief that he was eligible for, which was deferral of removal. That one is basically whether or not the undisputed facts in this case rose to the level of qualifying as establishing that it would be more likely than not that he would be tortured if he would be deported. The question was a novel one. It was a very specific one. And for those reasons, I think that the Board, given that the Board was told that this was only an appeal, and I'm referencing the notice of appeal. Because the Board was put on notice that this was an appeal of the denial of cap relief. Because Torres in the notice of appeal says that the judge found that he was credible, that meant that there was no need to review any factual issues for clear error, right? At this point, everything that Mr. Torres Diaz had testified to was credible. It had to be accepted as true. Following that, he specifically says, I believe I'm going to be tortured or killed because of my suspected membership in the Mara Salvatrucha MS-13 gang. And then he further notes in the notice of appeal that the country conditions and the evidence in the record establishes that the country is actively searching for suspected or known gang members. They're torturing them. I don't even have to make reference to what we've all seen on television for the Secode Jail and everything, right? So the BIA rather than actually looking at this as it's supposed to, which is under a de novo standard, kind of kicks the ball down the road, right? And says, no, the attorney who submitted this pro bono didn't file the brief, you're done. So then the Board gets a second chance by virtue of the motion to reconsider that was filed. The motion to reconsider specifically told the Board, listen, you kind of dropped the ball here. The only issue that we're challenging is the denial of cap relief. And I'm emphasizing the denial of cap relief because respectfully, the most recent case that really discusses about the standard when the notice of appeal is sufficient that it can't be dismissed on its face if no brief is filed is Nolasco Amaya. Nolasco Amaya made a point to cite several prior Ninth Circuit cases such as Garcia-Cortez and so forth. In those cases, the ones that ruled against the petitioner and basically concluded that the notice of appeal was not sufficient. In those cases, the form of relief that was being sought was discretionary. So simply saying that the immigration judge denied my case in error because I didn't establish hardship. Well, hardship is a factual question. You need to make reference to what parts of the case are the reasons why the Board abused its discretion. Here, on the other hand, you have a very clear standard. Is it more likely or not that this individual who's already had an Interpol red notice issued to him as an MS-13 member who's already been part of the criminal justice system and was sentenced to a three-year prison sentence but then given community service before he fled El Salvador and came to the U.S., whether under a de novo review, the immigration judge was correct in finding that he had not met his burden of establishing it was more likely than not that he would be tortured or killed if deported to El Salvador. So again, I would also – yes. I understand your argument is that basically this is just clear enough about what his argument and theory were. But you haven't mentioned the part that says if no brief is filed, the Board should make a decision based on the arguments presented here. Should we think about that part? Like does that make any difference or what do we do with that part? I think that to a certain degree that is putting the Board on notice. Because, hey, I'm aware that there's a brief that's supposed to be filed. But for whatever reason, if no brief has been filed, please don't just cite the regulation that says we can summarily dismiss for failure to file a brief. I think to a certain degree it's even putting the Board more on notice. It's reminding the Board, listen, the Ninth Circuit, and I realize that every circuit has its own decisions. I realize that the Fifth Circuit, Seventh Circuit don't necessarily believe that the summary dismissal violates the Fifth Amendment right to appeal and so forth. But the Ninth Circuit's held that there is a fundamental due process right to an appeal. That was obviously highlighted in the last bill. It was highlighted in prior cases that we've cited in our brief. Because of that reason, the Board has to be extra cautious when it's going to make the decision to dismiss a case for failure to file a brief and to then conclude that what was submitted in writing in the notice of appeal was insufficient for the Board to do its job. We've also recognized that the Board has a strict specificity requirement. Correct. And that a petitioner, when they want to appeal, needs to identify either the facts that the immigration judge misconstrued or missed entirely or the law that they got wrong. And I'm having a hard time seeing what was stated here in the brief as cluing in the BIA to what are the facts or the law. I mean, there's some general propositions about persecution and torture, but that's pretty vague, and you're going to make the BIA hunt around and try to figure out what the argument should be? Respectfully, I would disagree with the characterization that Your Honor is offering for the following reason. I think that, again, if this had been an application for cancellation or removal, if there was some discretionary component where you really had to balance the facts that are presented, the evidence, and how much weight to give to that evidence. I could understand the Court's point, and I would agree with you that the arguments that we presented in the notice of appeal would probably fall more in the category of being just generalized arguments. Here, however, because the application was only for CAT, I think that the arguments were sufficient. I mean, I don't read it that way. I read the statement in the notice of appeal. Respondent appeals the denial of withholding and then relief under CAT. And you want me to read that withholding reference to withholding under CAT?  Except for that's not what the briefing indicated below, and I think even on appeal now you've got arguments related to withholding. I may be wrong about that. I think, yes, Your Honor, because if you read our brief, it did kind of mention that we were not going to pursue the withholding denial because of the interpol. It said in front of BIJ. Exactly. But then the immigration judge cited a BIA case that unfortunately the court in Oswaldo, the Ninth Circuit, has already kind of affirmed and said that if it's – there's a difference between having a probable cause to find somebody who's committed a serious nonpolitical crime versus somebody who's actually been convicted. But I'm still struggling with why I should read this reference to withholding as necessarily CAT withholding because then just a few lines down you say the evidence establishes that respondent will be persecuted and tortured. Well, there would be no need to reference persecution if this was just a CAT case.  And yet you have referenced persecution and you have referenced the concept of withholding. So I don't read this as a clear signal that this is just a CAT case. Understood. And perhaps the use of the word persecution might have been unnecessary, and I could understand if the board had maybe in its decision said, hey, we're not able to make a decision because you're using different terms that don't necessarily apply to the formal relief that you're challenging. But that's not what they said. The only argument that they made was that – the conclusion that they reached was you have not given us sufficient because you're going to characterize what you argued as being general, not specific. And if I may, I'll very quickly highlight. Nolasco Amaya in the decision, the Ninth Circuit makes it a point to say that Nolasco Amaya was an only withholding only proceeding. So when the board dismissed the case, one of the reasons why – Well, I'm asking. I was on Nolasco Amaya. I was on that case. And that's why I'm asking about this is that that might be a way to funnel, to narrow, to make the allegations in this one paragraph a little less summary and vague if we could say that this is just a CAT case. Understood. And I think that there are some signals in there that do not make that clear for the agency that this is a CAT-only case. And I understand. But I also think that given that there has been case law that says that when the correct term is not used, that the board should try to embrace more of a liberal construction of arguments, particularly with pro se immigrants. I realize that the notice of appeal was not prepared by a pro se immigrant. It was prepared by a pro bono attorney. But I don't see why that would necessarily work against the attorney if the attorney at the – It really mattered in Nolasco that he was pro se. I understood. And like I said, if this had been more a question of credibility, if this had been more a question of past persecution, I could understand. But here there was no dispute that he hadn't really been persecuted prior. The fear had more to do with he came to the U.S. He's a suspected, documented MS-13 gang member. Now you have this new law that President Bukele signed that allows the government to just arbitrarily arrest and detain anybody that is either a member – a suspected member. Does that qualify as enough to grant this person convention against torture? And I see that I'm running out of my time. I'll still give you a minute for rebuttal, but why don't we hear from the government? Okay. Thank you. Thank you. Good morning, Your Honors. May it please the Court. I am Blair O'Connor on behalf of the Acting Attorney General. Your Honors, the first petition for review should be denied because the board did not abuse its discretion in summarily dismissing the petitioner's appeal, both because he failed to file a brief after indicating an intent to do so, but also because he failed to sufficiently apprise the board of the reasons for the appeal in the notice of appeal. The second petition for review should also be denied because the board did not abuse its discretion in finding that his motion to reconsider failed to identify any error of fact or law in the board's previous decision and instead only raised arguments that could have been raised in the underlying appeal. Now, with respect to the summary dismissal, all petitioner's notice of appeal indicated was that he was appealing the denial of both withholding of removal and CAT, that he testified credibly, and that the documentary and testimonial evidence established that he would be persecuted and tortured based on a suspected membership in the MS gang and based on recent laws that authorized the arrest and detention of suspected gang members. Now, such statements from a counseled petitioner failed to satisfy the board's strict specificity requirement for apprising it of the reasons for the appeal. This court has upheld that strict specificity requirement in several cases. The statements on the notice of appeal did not identify any errors of law in the immigration judge's decision, did not supply sight to any supporting legal authority for any possible errors of law, nor did it identify any of the immigration judge's detailed factual findings that he submitted would have been clearly erroneous. Now, I disagree with my counsel's proposition that simply because petitioner was found credible that there could be no issues of fact in this case. That is just not correct. So I agree with you that the credibility part of this doesn't make a lot of sense, but I'm struggling with why the rest of it isn't enough to set out pretty clearly a CAT theory. So I think there were documents in the record pretty obviously that showed that El Salvador thought he was a gang member. And then he's saying there's this new law where they're torturing gang members. Those two sentences put together a CAT theory, and I'm not sure what more really needed to be said to offer that CAT theory. Well, Your Honor, again, the court could find this, but the government would encourage it and disagree that it should find that because from a counseled petitioner, that should not be sufficient. If this court were to receive an opening brief that only said the statements in this notice of appeal, then most likely the court would deny that petition for review because it's not – judges shouldn't be obligated to go and make the alien's arguments for him or her. So it sounds to me that your view really hinges on this idea of the NLA being done by a pro bono counsel versus by a pro se petitioner. So if the same exact language was advanced by a pro se petitioner, would your view be different? I'm not conceding that, Your Honor. I would say it would be a much tougher argument for the government to make because this court has in cases like Nalasco said that it construes liberally pleadings by pro se petitioners. So they're just at a different standard than a counseled alien. So I wouldn't concede that if a pro se alien said this, that the board would be – abuse its discretion to summarily dismiss. But it would be obviously a much more difficult case for the government to make. We agree with you that the BIA didn't abuse its discretion by summarily dismissing the appeal. Should we also then necessarily hold that the BIA didn't abuse its discretion in denying the motion for reconsideration? Well, they're separate decisions obviously, Your Honor, but the government's position is that it did not abuse its discretion in the second decision because all that the motion to consider raised – so first of all, it relied on a case that is not even being – continuing to be pushed before this case, this court, the Maduro opinion. That's been waived now because he hasn't asserted that in his opening brief. But the only other things that he argued were that I said enough, and the board obviously looked at those statements in the notice of appeal when it's summarily dismissed. So that motion to reconsider did not identify any error of fact or law, and instead it just raised arguments that could have been raised had a brief been filed or had more sufficient statements been made in the notice of appeal. I mean we would say that this case is really kind of on on fours with the Sequeiro decision because there were – while the notice of appeal may have focused on an issue in contention, that being deferral of removal under CAT, it in no way identified which specific facts, and the IJ had specific facts in denying CAT. He found that he wasn't subject to past torture. He found that any future fear of torture was speculative based on the country conditions evidence. So those are specific findings, but none of that is mentioned in the notice of appeal to guide the board as to what the specific arguments are based both on law with no citations to legal authority or on the record with cites to the record saying these are the documents that support my argument regarding DCAT. The board had none of that. It was left to basically reconstruct the immigration judge proceedings and to make the legal arguments for the alien, and that is just too high of a standard considering the board's crushing caseload that it has to deal with. It must be guided by the petitioners, especially counsel petitioners, in the statements on the notice of appeal. And dropping a sentence saying that if I don't file a brief, then the board should just resolve this on the statements here, that as a board found in denying the motion to reconsider, that one sentence doesn't magically transform the few sentences that were said before that into now they're sufficient enough. I mean this petitioner had counsel who filed this. The counsel seems to have realized that he or she might not have been able to continue and then didn't. So should we consider this petitioner to have been pro se at the point that the board was looking at this and that once no brief was filed, did they really still have counsel? Well they did because the counsel filed a motion to reconsider. I mean the same counsel stayed with the alien throughout proceedings, so we would encourage the court not to make that finding. I mean he never, the counsel never made a motion to withdraw before the board. He filed the notice of appearance. It remained, you know, before the board throughout all these proceedings. The initial appeal and then the motion to reconsider. So this clearly was a represented alien throughout the proceedings. With respect to the issue, some of the questions that my opponent received regarding withholding of removal, again we agree with your honor that it wasn't clear to the board. He specified he was appealing the denial of withholding removal. He made it a reference to being persecuted, not tortured. So the board is again left to guess. Withholding was denied both under the INA and CAT on grounds of the alien being subject to a serious non-political crime bar. And there's no arguments whatsoever about why that was erroneous, what facts the alien was relying on, what law he was relying on. The board was simply left to guess. So if the withholding part of this is wrong or is not specific enough, would that, if we hypothetically think that the CAT part is specific enough, would the inclusion of a not specific part kill the specific part? Like, could you have a notice of appeal that's good enough as to one claim but not good enough as the other? That's an excellent question, your honor. I mean, I think if the board member had, who adjudicated this, had thought that, then they would not have necessarily dismissed. If they thought that one aspect of the case was sufficient, then I think they would have issued a decision on that aspect of the case. But that's what we are here to figure out whether they should have done. Sure. Well, again, but we would argue that the statements were insufficient as to both. They're insufficient as to withholding, and they're insufficient as to CAT. Again, we don't have a single citation to legal authority. You know, how did the IJ err legally in finding that CAT had not been supported? We don't have any citations to the record, nowhere. This is the evidence I'm relying on to show regarding the state of exception, what will happen to my client if he returns. The board has just left the gas to hunt through this record and try to find, to make the case for the alien. So our cases have interchangeably described the standard from pro se cases to represented cases. Like when the standard is described, it's the same standard. I know in the pro se cases, the cases often say this person is pro se and then give some more lenience, it seems. But we've never described the extra lenience or really – it's not like there's two separate bodies of case law. The cases cite each other. So how do we figure out what the standard is exactly and what the difference is? That's an excellent question, Your Honor. I mean, again, I would just note in Alaska and in cases I think Casa Chavez maybe, the court has noted that, you know, we're going to – we agree with the board's strict specificity requirement. But in pro se cases, we also acknowledge that we must construe those pleadings liberally. So it can harmonize those two. And if you have a pro se case, then the statements – That was a counseled case though, right? Casa Chavez. Casa Chavez was counseled, yes. And Alaska was pro se, I believe, right? Correct. Yes. But again, this court can harmonize those two by – again, when pro se cases, it's going to construe the pleadings liberally. You know, how you articulate the standard when it's counseled, I guess the government would leave that to this court, to your honors. But, you know, there is harmony in those two. But here, there's no harmony that needs to be done because this alien was represented throughout the proceedings, before the immigration judge, before the board, and now before this court. Barring any other questions, again, we would argue that because the statements in this notice of appeal were insufficient based on this court's cases and Toccaro and Rojas Gomez, we would ask that both petitions for review be denied. Thank you, your honors. Put a minute on the clock, please. So, your honors, if I may just conclude, I recognize the citation to the Toccaro case, but actually in reviewing it, the BIA in the Ninth Circuit in that case kind of highlights the fact that when an appeal is filed, the alien need not appeal every single part of the IJ's decision. It can pick and choose which part it wants to appeal. So in this case, I would argue that there was sufficient argument put in the notice of appeal to let the board know that Mr. Torres was specifically challenging the denial of the CAT relief. As far as what the court was referencing in terms of there being two different standards, I don't read it that way. It just seems to me that the Ninth Circuit doesn't want to punish immigrants, in some cases even the attorneys, like in Casas Chavez when they don't file the brief, when the board has an obligation, a statutory obligation to review these appeals and make a decision. Now, I realize the regulation says you can dismiss the appeal if no brief is filed. However, that's not absolute. It's not a discretionary decision. It's something that is subject to what the notice of appeal says. So obviously the board is composed of attorneys, judges, people that know the law. The question is what was written there. Is that enough for somebody who's seen multiple cases like these where people are afraid to go back to El Salvador because they're either documented or they're suspected gang members? Is that enough for them to engage in a de novo review of this denial? Because that was the standard. It wasn't as though the board needed to review factual findings for clear error or something more complicated. They were going to review a de novo. And if they agreed with the immigration judge that everything was speculative, that Mr. Torres was just imagining that something bad was going to happen to him in El Salvador, they could have just adopted and affirmed the IG's decision, and then that issue could have been reserved for appeal before this court. Counsel, before you sit down, I have a concern that I wanted to raise that has nothing to do with the merits of your client's case. So in this case, I believe both parties asked to submit the case on the briefs, and we denied that request. And after that denial, you moved again to submit this case on the brief. And part of your reasoning for that was that you were representing this client pro bono and that it would be an extra expense and time to prepare for argument, even though you're in this courtroom today on another case in which you're not in pro bono status. So I guess my question is, why did you file a request to not be here present in this case today because you are representing this client pro bono? No, Your Honor, and I apologize if perhaps the motion was not properly explained. It's very rare to have the privilege of arguing before the Ninth Circuit. That's number one. Number two, it's more rare to have two separate cases involving two separate individual petitioners on the same date before the same panel. So I have another case immediately after this that I'm actually doing pro bono as well, Your Honor. I have not charged anything to these petitioners. So my concern had more to do with the fact that the court had allotted 15 minutes for the second case because the issues are more complicated. So just more so for my own sanity and having no study and prepare for both cases, that's why I had filed the second motion. I think that, I mean, I appreciate that explanation. I do think that you should be careful in how you phrase those things in the future because you do say specifically, I'm looking at it right now, that part of the basis was that it would take time and effort to prepare for this and you weren't going to get paid. And it should go without saying that when you take a case pro bono, we expect that your counsel, not counsel light, but your counsel and you do whatever is required for that client. Understood, and I appreciate the reminder from the court. I will be more mindful of that. Thank you. And if there's nothing further, then we submit. Thank you both sides. This case is submitted. Should I sit down or just wait for the next case? If you're ready to argue the next case, you could just stand there because I'm about to call it.
judges: FRIEDLAND, FORREST, DESAI